UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MARCUS TROY REUM, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 23-1007 (UNA) |
| | : | |
| UNITED STATES, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**<u>MEMORANDUM OPINION</u>**

This matter is before the court on its initial review of plaintiff's application for leave to proceed *in forma pauperis*, ECF No. 2, and *pro se* complaint, ECF No. 1. The Court will grant the *in forma pauperis* application and dismiss the complaint and this civil action without prejudice.

The complaint is a confused and disorganized assortment of purported legal claims and outlandish demands for relief. Among other topics, plaintiff discusses divorce and child custody proceedings in a Washington State court, *see* Compl. at 6 (page numbers designated by CM/ECF), bigamy and fraud, *see id*., unfavorable rulings in civil actions filed in the United States District Court for the Western District of Washington, *see id*. at 7-8, confiscation of plaintiff's firearms, *see id*. at 9, and plaintiff's plea agreement in a criminal matter in a State court, *see id*. at 9. And among other relief, *see generally id*. at 11-12, plaintiff demands orders for "a criminal referral" of two judges "for conspiring to deprive [plaintiff] of his rights, which resulted in two kidnappings . . . in 2021, and . . . 2022," *id*. at 11; "directing the Department of State to immediately issue Diplomatic Passports to [plaintiff] and his offspring," *id*. at 12; directing United States "Marshals to arrive in numbers sufficient to arrest each KITSAP COUNTY DISTRICT COURT agent who refuses to settle, discharge, and otherwise dismiss

with prejudice, ALL cases against" plaintiff, *id.*, and to "collect [plaintiff's] weapons from the CITY OF GIG HARBOR and KITSAP COUNTY DISTRICT COURT," *id.*; and issuing summonses for the "KITSAP COUNTY SHERIFF and PIERCE COUNTY SHERIFF, to appear and SHOW CAUSE why they should not be referred to answer for 'ARTICLES OF IMPEACHMENT,' for failure to perform a sworn duty when requested," *id*.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and the Court cannot exercise subject matter jurisdiction over a frivolous complaint,  *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009).  Consequently, a Court is empowered to dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi v. Holland*, 655 F.2d 1305, 1307-08 (D.C. Cir. 1981).  The instant complaint satisfies this standard, as its factual allegations are largely nonsensical and the complaint otherwise fails to articulate plausible legal claims.  An Order is issued separately.

DATE: May 9, 2023

/s/
JIA M. COBB
United States District Judge